EXHIBIT 'A'

**C-0478-19-C**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED <u>AIMEE LORENA PENA V. JACKIE GORDON AND WILLIAM SANDOVAL</u>
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br> Richard A. Hinojosa <br><br> Address: <br> 150 W. Parker Rd., Ste. 201 <br><br> City/State/Zip: <br> Houston, TX 77076 <br><br> Signature: <br> /s/ Richard A. Hinojosa | Email: <br> richardhinojosa@hinojosalaw.com <br><br> Telephone: <br> 713-884-1663 <br><br> Fax: <br> 713-422-2493 <br><br> State Bar No: <br> 24068885 | Plaintiff(s)/Petitioner(s): <br><br> Aimee Lorena Pena <br> _____ <br> _____ <br><br> Defendant(s)/Respondent(s): <br><br> Jackie Gordon and William Sandoval <br><br> [Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner <br> ☐*Pro Se* Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☐Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: <br> _____ | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional <br> Liability: <br> ☒Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability <br> List Product: <br><br> ☐Other Injury or Damage: <br> _____ | ☐Eminent Domain/ <br> Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br> _____ | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other |
| | | | | **Title IV-D** |
| | | **Related to Criminal Matters** | | ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order |
| **Employment** | **Other Civil** | ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— <br> Pre-indictment <br> ☐Other: _____ | **Other Family Law** | **Parent-Child Relationship** |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: <br> _____ | ☐Administrative Appeal <br> ☐Antitrust/Unfair <br> Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: _____ | ☐Enforce Foreign <br> Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities <br> of Minority <br> ☐Other: _____ | ☐Adoption/Adoption with <br> Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Paternity/Parentage <br> ☐Termination of Parental <br> Rights <br> ☐Other Parent-Child: <br> _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees <br>
☐Less than $100,000 and non-monetary relief <br>
☐Over $100,000 but not more than $200,000 <br>
☒Over $200,000 but not more than $1,000,000 <br>
☐Over $1,000,000

# CIVIL PROCESS REQUEST FORM

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____ **C-0478-19-C** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition & Request for Disclosure

**FILE DATE OF MOTION:** _____ 1/29/18 _____
                                                                Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: Jackie Gordon

   ADDRESS: 1638 83rd Street, New Richmond, WI 54017

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____
- ☐ **MAIL**                                   ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** *explain* Please e-mail citation to roxannehinojosa@hinojosalaw.com

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. NAME: William Sandoval

   ADDRESS: 1638 83rd Street, New Richmond, WI 54017

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____
- ☐ **MAIL**                                   ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** *explain* Please e-mail citation to roxannehinojosa@hinojosalaw.com

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Richard A. Hinojosa _____     TEXAS BAR NO./ID NO. 24068885

MAILING ADDRESS: 150 West Parker Rd., Ste. 201, Houston, TX 77076

PHONE NUMBER: ___(713)___ ___884-1663___ FAX NUMBER: ___(713)___ ___422-2493___
                          area code        phone number                              area code        fax  number

EMAIL ADDRESS: richardhinojosa@hinojosalaw.com _____

Electronically Filed
4/29/2019 3:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Cause No. **C-0478-19-C** _____

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff Aimee Lorena Pena, ("Plaintiff") files her Original Petition & Request for Disclosure complaining of Defendants Jackie Gordon and William Sandoval, ("Defendants"), and would respectfully show this Honorable Court and jury as follows:

## I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

## II. PARTIES

2.1     Plaintiff Aimee Lorena Pena resides in Weslaco, Texas. The last three digits of Plaintiff's Texas driver's license number are 706. The last three digits of Plaintiff's Social Security number are 874.

2.2     Defendant Jackie Gordon can be served with process at 1638 83rd Street, New Richmond, WI 54017 or wherever she may be found.

2.3     Defendant William Sandoval can be served with process at 1638 83rd Street, New Richmond, WI 54017or wherever he may be found.

Electronically Filed
4/5/2019 5:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0478-19-C**

## III. JURISDICTION AND VENUE

**3.1**     Venue is proper and maintainable in Hidalgo County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred in Hidalgo County, Texas.

**3.2**     This Court has jurisdiction in this cause since the Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

## IV. FACTS

**4.1**     On or about February 9, 2017, Plaintiff was stationary, heading eastbound, at the intersection of Airport Boulevard and Business 83 in Weslaco, Texas.  Defendant driver, Jackie Gordon was traveling eastbound, directly behind Plaintiff, when she failed to keep a proper look out and failed to control her speed causing her to violently strike the rear of Plaintiff's vehicle. Defendant driver, Jackie Gordon negligently and unsafely failed to operate her vehicle in a prudent manner, disobeying the Texas laws governing our roadways, ultimately putting Plaintiff's life, and the lives of many others, in danger. As a proximate result of the collision, Plaintiff sustained injuries.

**4.2**     Plaintiff would show that nothing she did or failed to do on the occasion in question caused or in any way contributed to cause her injuries.

## V. DEFENDANT—JACKIE GORDON

**5.1**     The conduct of Defendant Jackie Gordon constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit.

Electronically Filed
4/29/2019 3:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0478-19-C**

5.2    Defendant's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Transportation Code including but not limited to sections 545.062, 545.103, 545.104, 545.151 and 545.351 which allows for tort liability when violated.

5.3    Defendant failed to comply with the Texas Transportation Code.

5.4    Plaintiff is a member of the class that this section of the Texas Transportation Code was designed to protect and her injuries are of the type this section was designed to prevent.

5.5    Defendant's unexcused acts and omissions breached the duty imposed by this section of the Texas Transportation Code, which proximately caused the Plaintiff's injuries described herein.

5.6    Defendant was negligent in one or more but not limited to the following non-exclusive particulars:

    a.    Failing to make a complete stop;

    b.    Failing to yield the right of way;

    c.    Failing to obey traffic regulations;

    d.    Failing to keep a proper lookout;

    e.    Failing to control speed;

    f.    Failing to take proper precaution in avoiding this accident;

    g.    Failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    h.    Failing to do that which a prudent driver would have done under the same or similar circumstances;

    i.    Failing to stop and render aid;

Electronically Filed
4/29/2019 5:09 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0478-19-C

j.      Following too closely;

k.      Failing to maintain an assured clear distance between his vehicle and the

vehicle operated by Plaintiff;

l.      Endangering the lives of others and her own by driving recklessly; and

m.      Failing to obey the statutes of the State of Texas as they pertain to the

operation of a motor vehicle.

**5.7**    Defendant's negligence was the sole proximate cause of the collision, as well as the

bodily-injury damages Plaintiff suffered as a result of her involvement in the collision.

## VI. <u>DEFENDANT WILLIAM SANDOVAL</u>

**6.1**    The conduct of Defendant William Sandoval constituted negligence entrustment

of a motor vehicle as those terms are understood in law and such conduct was a proximate cause

of the occurrence made the basis of this suit.

## VII. <u>DAMAGES—AIMEE LORENA PENA</u>

**7.1**    As a result of the incident made the basis of this lawsuit, described in the preceding

paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

**7.2**    Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable

and necessary medical care and attention, and this has caused her to incur reasonable and necessary

medical expenses for the treatment of her injuries.

**7.3**    In all likelihood, based upon a reasonable medical probability, Plaintiff will require

reasonable and necessary medical treatment and incur reasonable and necessary medical expenses

into the future.

4

Electronically Filed
4/29/2019 5:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0478-19-C**

**7.4**      Further, Plaintiff would show that she has suffered physical pain as a result of this incident.  Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

**7.5**      Further, Plaintiff would show that she has suffered mental anguish as a result of this incident.   Such mental anguish, in all probability will continue into the future, if not permanently.

**7.6**      Further, Plaintiff would show that she has suffered physical impairment as a result of this incident.  Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

**7.7**      Further, Plaintiff would show that she has suffered physical disfigurement as a result of this incident.  Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

**7.8**      Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

**7.9**      Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

**7.10**     Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VIII. <u>TOTAL DAMAGES</u>

**8.1**      As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief of $1,000,000.00 or less, at this time and a demand for judgment for all other relief to which the Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

Electronically Filed
4/29/2019 5:39 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0478-19-C**

## IX. <u>RESERVE THE RIGHT TO AMEND & SUPPLEMENT</u>

**9.1**     These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case.  The right to do so is, under Texas law, expressly reserved.

## X. <u>PRESERVING EVIDENCE</u>

**10.1**     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. <u>ALTERNATIVE PARAGRAPH NO. 1</u>

**11.1**     In the alternative, Plaintiff would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

Electronically Filed
4/29/2019 5:09 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0478-19-C

## XII. ALTERNATIVE PARAGRAPH NO. 2

**12.1**     In the alternative, Plaintiff would show that if they suffer from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## XIII. DISCOVERY REQUESTS

**13.1**     Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants to disclose the information or material described in Rule 194.2(a) through Rule 194.2(l) of the Texas Rules of Civil Procedure.  Defendants has 50 days from the date of service.

## XIV. RULE 193.7 NOTICE

**14.1**     Defendants is hereby notified that Plaintiff intend to use all documents produced by Defendants in discovery of the trial of this cause, and therefore requests that Defendants assert any objection to the authenticity of any document Defendants produces within 10 days of its production.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants, in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Electronically Filed
4/29/2019 5:09 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0478-19-C**

Respectfully submitted,

**HINOJOSA LAW, PLLC**

By: _____

    Richard A. Hinojosa
    State Bar No. 24068885
    150 W. Parker Rd., Ste. 201
    Houston TX 77076
    (713) 884-1663 Telephone
    (713) 422-2493 Facsimile
    richardhinojosa@hinojosalaw.com

**ATTORNEY FOR PLAINTIFF**

**NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed =  NO**

**C-0478-19-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**JACKIE GORDON**
**1638 83RD STREET**
**NEW RICHMOND, WI 54017**
**OR WHERVER SHE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 29th day of January, 2019 and a copy of same accompanies this citation.  The file number and style of said suit being C-0478-19-C, **AIMEE LORENA PENA  VS.  JACKIE GORDON AND WILLIAM SANDOVAL**

Said Petition was filed in said court by Attorney RICHARD A. HINOJOSA, 150 W. PARKER RD. STE. 605 HOUSTON, TX 77076.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 30th day of January, 2019.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**ANDRIA GARCIA, DEPUTY CLERK**

C-0478-19-C
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
          **COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
                    **CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed =  NO**

**C-0478-19-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**WILLIAM SANDOVAL**
**1638 83RD STREET**
**NEW RICHMOND, WI 54017**
**OR WHERVER HE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 29th day of January, 2019 and a copy of same accompanies this citation.  The file number and style of said suit being C-0478-19-C, **AIMEE LORENA PENA  VS.  JACKIE GORDON AND WILLIAM SANDOVAL**

Said Petition was filed in said court by Attorney RICHARD A. HINOJOSA, 150 W. PARKER RD. STE. 605 HOUSTON, TX 77076.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 30th day of January, 2019.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**ANDRIA GARCIA, DEPUTY CLERK**

**C-0478-19-C**
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
3/19/2019 4:11 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## <u>MOTION FOR SUBSTITUTE SERVICE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **AIMEE LORENA PENA,** and move pursuant to Rule 106 that the Court prescribes a different method of service upon Defendant, **JACKIE GORDON,** and for reasons therefore represents to the Court as follows:

### I.

On January 15, 2019, Plaintiff's Counsel requested civil processor, Ewanshia J. Graham a licensed process server, SCH# 08625, to run a skip trace on Defendant, **JACKIE GORDON**, in an effort to locate her most recent residential address. Civil processor, Ewanshia J. Graham, found that Defendant **JACKIE GORDON** owns the property at 1638 83rd Street, New Richmond, WI 54017 in addition to owning multiple vehicles showing this address as her most recent residence.

On February 9, 2019, service of process was attempted at 8:10 AM by Eric Amundsen, a licensed process server, on Defendant, **JACKIE GORDON,** located at 1638 83rd Street, New Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant, **JACKIE GORDON**.

On February 10, 2019, service of process was attempted at 1:59 PM by Eric Amundsen, a licensed process server, on Defendant, **JACKIE GORDON,** located at 1638 83rd Street, New Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant,

Electronically Filed
9/19/2019 4:14 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

**JACKIE GORDON**.

On February 12, 2019, service of process was attempted at 8:15 PM by Eric Amundsen, a licensed process server, on Defendant, **JACKIE GORDON,** located at 1638 83rd Street, New Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant, **JACKIE GORDON**. Civil processor, Eric Amundsen, spoke with a woman named Diane, identifying herself as Defendant, **JACKIE GORDON's** sister.  Diane confirmed 1628 83rd Street, New Richmond, WI 54017 was Defendant, **JACKIE GORDON's** address, stating that she and Defendant **WILLIAM SANDOVAL** were out of town and were not returning for a month or two. Civil processor, Eric Amundsen, received a phone call from a man identifying himself as Defendant **WILLIAM SANDOVAL.**  Defendant **WILLIAM SANDOVAL** confirmed the same information Diane had relayed to civil processor, Eric Amundsen, in addition to yelling obscenities and using foul language during the conversation.

All other addresses remotely connected to Defendant **JACKIE GORDON,** have been checked, but Defendant **JACKIE GORDON** cannot be located.   Plaintiff has exhausted all avenues to serve Defendant **JACKIE GORDON** via personal service and Plaintiff is convinced Defendant **JACKIE GORDON** is avoiding service and/or using family members and friends to cover up for her.

## II.

Attorney, Richard A. Hinojosa, hired Eric Amundsen to serve Defendant **JACKIE GORDON** on February 4, 2019.  See attached Exhibit "A", the Affidavit of Richard A. Hinojosa, which is incorporated by reference.   Civil Processor, Eric Amundsen, was the process server working this case and was unable to serve Defendant **JACKIE GORDON**.   See attached Exhibit "B", the Affidavit of Eric Amundsen, which is incorporated by reference.

Electronically Filed
3/19/2019 4:14 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

**III.**

Citation by leaving a true copy of the citation, with a copy of the petition attached, by serving a family member over the age of 16, posting at Defendant **JACKIE GORDON'S** home address at 1628 83rd Street, New Richmond, WI 54017, by affixing citation to the front entrance at Defendant **JACKIE GORDON'S** home address at 1628 83rd Street, New Richmond, WI 54017, by publication or by posting at the court house is a reasonably effective way to provide notice of this lawsuit to Defendant **JACKIE GORDON**.

**IV.**

The residence and whereabouts of Defendant **JACKIE GORDON**, are public record and Plaintiff has exercised due diligence to serve Defendant **JACKIE GORDON,** but has been unable to do so as set forth above.

**V.**

Plaintiff asks that the Court authorize her to serve Defendant **JACKIE GORDON** by leaving a true copy of the citation, with a copy of the petition attached, with a family member over the age of 16 at Defendant **JACKIE GORDON'S** home address at 1628 83rd Street, New Richmond, WI 54017, by affixing to the front entrance at Defendant **JACKIE GORDON'S** home address at 1628 83rd Street, New Richmond, WI 54017, by publication or posted at the courthouse.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff attaches affidavits to this motion as Exhibit "A" and Exhibit "B", to verify the attempt on service and incorporate it by reference.

**WHEREFORE,** Plaintiff requests that the Court allow Citation by leaving a true copy of the citation, with a copy of the petition attached, with a family member over the age of 16 at Defendant **JACKIE GORDON'S** home address at 1628 83rd Street, New Richmond, WI 54017, by affixing to the front entrance at Defendant **JACKIE GORDON'S** home address at 1628 83rd

Electronically Filed
3/19/2019 4:13 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Street, New Richmond, WI 54017, by publication or posted at the courthouse as requested and any

other such further relief to which Plaintiff may be entitled.

Respectfully submitted,

**Hinojosa Law, P.L.L.C.**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

By: /s/ Richard A. Hinojosa
    RICHARD A. HINOJOSA
    STATE BAR NO. 24068885

**ATTORNEY FOR PLAINTIFF**

EXHIBIT "A"

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## AFFIDAVIT FOR ALTERNATIVE CITATION
## PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 106

Before me, the undersigned, a notary public in and for the State of Texas, on this day personally appeared RICHARD A. HINOJOSA, who being duly sworn on oath deposes and says as follows:

"My name is Richard A. Hinojosa and I am the attorney for Plaintiff on the above-styled cause of action.

"On February 10, 2017, I was hired by Plaintiff in this lawsuit.

"On February 4, 2019, I requested service on Defendant, **JACKIE GORDON**, by civil processor, Eric Amundsen, a licensed process server.

"On February 9th, 10th, and 12th 2019, service of process was conducted by civil processor, Eric Amundsen on Defendant, **JACKIE GORDON'S** last known addresses located at 1638 83rd Street, New Richmond, WI 54017.   Defendant, **JACKIE GORDON** was not located.

"Civil processor, Eric Amundsen, was told by the Defendant **JACKIE GORDON's** sister that this address is where Defendants reside, but they were out of town for a month or two. Defendant **WILLIAM SANDOVAL** confirmed the same to civil processor over a

telephone conversation.  We are convinced Defendant, **JACKIE GORDON** is avoiding service and using family members and friends to cover up for her.

"The whereabouts of Defendant, **JACKIE GORDON** is unknown by my law firm or my client.

"From February 9, 2019 to March 15, 2019, my law firm has searched every database available to us to locate a good address for Defendant, **JACKIE GORDON**.  We have no new information of Defendant, **JACKIE GORDON'S** whereabouts.

It is my opinion that we have exhausted our resources to locate Defendant, **JACKIE GORDON** and ask for substituted service.  Further Affiant sayeth not."

Executed in Houston, Harris County, Texas this 15th day of March, 2019.


_____

**RICHARD A. HINOJOSA**


SUBSCRIBED AND SWORN this the 15th day of March, 2019 to certify which witness my hand and seal of office.


_____

NOTARY PUBLIC, STATE OF TEXAS


ROSA QUINTANILLA HINOJOSA
Notary Public, State of Texas
Comm. Expires 04-10-2021
Notary ID 10463546

EXHIBIT "B"

STATE OF TEXAS          DISTRICT COURT          HIDALGO COUNTY

AIMEE LORENA PENA
                              Plaintiff,

v.

JACKIE GORDON ET AL                              Case No.: C-0478-19-C
                              Defendant.

## AFFIDAVIT OF NON-SERVICE BY PROCESS SERVER

**The State To:**

Jackie Gordon
1638 83rd Street
New Richmond, WI 54017

Being duly sworn on oath, I, **Eric Amundsen**, am an adult resident of the State of
Wisconsin, and not a party to this action. And, that within the boundaries of the state
where service was attempted, I was authorized by law to perform said service.

**I Attempted to Served:** Jackie Gordon
**With the document:** Plaintiff's Original Petition & Request for Disclosure and Two Individual
Citations.

**At:** 1638 83rd Street, New Richmond, WI 54017
**Date/Time of Non-Service:** 02-12-2019 at 8:15 PM
**Military Service:**

**Manner of Service:**    (X) By Non-Service

**Attempts:**
1) 02-09-2019 at 8:10 AM
2) 02-10-2019 at 1:59 PM
3) 02-12-2019 at 8:15 PM

**Notes:** I spoke with a female subject who stated her name is Diane. She stated that she is
the sister of Jackie Gordon. Diane stated Sandoval and Gordon are currently out of town and
will not be back for a month or two. Sandoval telephoned me and confirmed this information.
Sandaval was yelling obscenities and using foul language with me during the conversation.

State of Wisconsin, St Croix County               Agent For:
Subscribed and sworn before me                    Spartan Investigations & Legal Process
                                                  P.O. Box 548 Hudson, WI 54016
                                                  715-760-1253
                                                  Sign:
Notary Public, On: 03-02-2019
My Commission Expires: 02-17-2022                 Date: 03-02-2019
Service Fee: $20.00

Electronically Filed
5/19/2019 4:14 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## <u>ORDER AUTHORIZING SUBSTITUTE SERVICE OF PROCESS</u>

On this day came on for consideration Plaintiff's Motion for Substitute Service.  After considering the submitted motion for substituted service, the Court is of the opinion that the motion is well taken and substituted service should be denied _____ or granted _____ by:

_____ Citation by serving anyone over the age of 16 at Defendant, **JACKIE GORDON'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by affixing it to the front entrance at Defendant **JACKIE GORDON'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by publication, or

_____ Citation by posting at the court house.

IT IS FUTHER ORDERED, ADJUDGED AND DECREED that the substituted service in the above-referenced cause shall be executed as soon as possible. A copy of this ORDER shall be included with the papers so served. It is so ORDERED.

Signed on this _____ day of _____ 2019.


_____
Judge Presiding or Clerk

APPROVED AS TO FORM:

Electronically Filed
3/19/2019 4:14 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

By: _____

RICHARD A. HINOJOSA
STATE BAR NO.24068885
**Hinojosa Law, PLLC**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## <u>MOTION FOR SUBSTITUTE SERVICE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **AIMEE LORENA PENA,** and move pursuant to Rule 106 that the Court prescribes a different method of service upon Defendant, **WILLIAM SANDOVAL,** and for reasons therefore represents to the Court as follows:

### I.

On January 15, 2019, Plaintiff's Counsel requested civil processor, Ewanshia J. Graham a licensed process server, SCH# 08625, to run a skip trace on Defendant, **WILLIAM SANDOVAL**, in an effort to locate his most recent residential address. Civil processor, Ewanshia J. Graham, found that Defendant **WILLIAM SANDOVAL** owns the property at 1638 83rd Street, New Richmond, WI 54017 in addition to owning multiple vehicles showing this address as her most recent residence.

On February 9, 2019, service of process was attempted at 8:10 AM by Eric Amundsen, a licensed process server, on Defendant, **WILLIAM SANDOVAL,** located at 1638 83rd Street, New Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant, **WILLIAM SANDOVAL**.

On February 10, 2019, service of process was attempted at 1:59 PM by Eric Amundsen, a licensed process server, on Defendant, **WILLIAM SANDOVAL,** located at 1638 83rd Street, New

Electronically Filed
9/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant, **WILLIAM SANDOVAL**.

On February 12, 2019, service of process was attempted at 8:15 PM by Eric Amundsen, a licensed process server, on Defendant, **WILLIAM SANDOVAL,** located at 1638 83rd Street, New Richmond, WI 54017.  Civil processor, Eric Amundsen, was unable to speak with Defendant, **WILLIAM SANDOVAL**. Civil processor, Eric Amundsen, spoke with a woman named Diane, identifying herself as Defendant, **JACKIE GORDON's** sister.  Diane confirmed 1628 83rd Street, New Richmond, WI 54017 was Defendant, **WILLIAM SANDOVAL's** address, stating that she and Defendant **JACKIE GORDON** were out of town and were not returning for a month or two. Civil processor, Eric Amundsen, received a phone call from a man identifying himself as Defendant **WILLIAM SANDOVAL.**  Defendant **WILLIAM SANDOVAL** confirmed the same information Diane had relayed to civil processor, Eric Amundsen, in addition to yelling obscenities and using foul language during the conversation.

All other addresses remotely connected to Defendant **WILLIAM SANDOVAL,** have been checked, but Defendant **WILLIAM SANDOVAL** cannot be located.  Plaintiff has exhausted all avenues to serve Defendant **WILLIAM SANDOVAL** via personal service and Plaintiff is convinced Defendant **WILLIAM SANDOVAL** is avoiding service and/or using family members and friends to cover up for him.

## II.

Attorney, Richard A. Hinojosa, hired Eric Amundsen to serve Defendant **WILLIAM SANDOVAL** on February 4, 2019.  See attached Exhibit "A", the Affidavit of Richard A. Hinojosa, which is incorporated by reference.  Civil Processor, Eric Amundsen, was the process server working this case and was unable to serve Defendant **WILLIAM SANDOVAL**.   See

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

attached Exhibit "B", the Affidavit of Eric Amundsen, which is incorporated by reference.

## III.

Citation by leaving a true copy of the citation, with a copy of the petition attached, by serving a family member over the age of 16, posting at Defendant **WILLIAM SANDOVAL'S** home address at 1628 83rd Street, New Richmond, WI 54017, by affixing citation to the front entrance at Defendant **WILLIAM SANDOVAL'S** home address at 1628 83rd Street, New Richmond, WI 54017, by publication or by posting at the court house is a reasonably effective way to provide notice of this lawsuit to Defendant **WILLIAM SANDOVAL**.

## IV.

The residence and whereabouts of Defendant **WILLIAM SANDOVAL**, are public record and Plaintiff has exercised due diligence to serve Defendant **WILLIAM SANDOVAL,** but has been unable to do so as set forth above.

## V.

Plaintiff asks that the Court authorize her to serve Defendant **WILLIAM SANDOVAL** by leaving a true copy of the citation, with a copy of the petition attached, with a family member over the age of 16 at Defendant **WILLIAM SANDOVAL'S** home address at 1628 83rd Street, New Richmond, WI 54017, by affixing to the front entrance at Defendant **WILLIAM SANDOVAL'S** home address at 1628 83rd Street, New Richmond, WI 54017, by publication or posted at the courthouse.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff attaches affidavits to this motion as Exhibit "A" and Exhibit "B", to verify the attempt on service and incorporate it by reference.

**WHEREFORE,** Plaintiff requests that the Court allow Citation by leaving a true copy of the citation, with a copy of the petition attached, with a family member over the age of 16 at

Electronically Filed
3/20/2019 4:51 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Defendant **WILLIAM SANDOVAL'S** home address at 1628 83rd Street, New Richmond, WI

54017, by affixing to the front entrance at Defendant **WILLIAM SANDOVAL'S** home address

at 1628 83rd Street, New Richmond, WI 54017, by publication or posted at the courthouse as

requested and any other such further relief to which Plaintiff may be entitled.

Respectfully submitted,

**Hinojosa Law, P.L.L.C.**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

By: /s/ Richard A. Hinojosa
     RICHARD A. HINOJOSA
     STATE BAR NO. 24068885

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT "A"**

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA,<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM<br>SANDOVAL,<br>Defendants. | § | 139TH JUDICIAL DISTRICT |

**<u>AFFIDAVIT FOR ALTERNATIVE CITATION</u>**
**<u>PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 106</u>**

Before me, the undersigned, a notary public in and for the State of Texas, on this day personally appeared RICHARD A. HINOJOSA, who being duly sworn on oath deposes and says as follows:

"My name is Richard A. Hinojosa and I am the attorney for Plaintiff on the above-styled cause of action.

"On February 10, 2017, I was hired by Plaintiff in this lawsuit.

"On February 4, 2019, I requested service on Defendant, **WILLIAM SANDOVAL**, by civil processor, Eric Amundsen, a licensed process server.

"On February 9th, 10th, and 12th 2019, service of process was conducted by civil processor, Eric Amundsen on Defendant, **WILLIAM SANDOVAL'S** last known addresses located at 1638 83rd Street, New Richmond, WI 54017.   Defendant, **WILLIAM SANDOVAL** was not located.

"Civil processor, Eric Amundsen, was told by the Defendant **JACKIE GORDON's** sister that this address is where Defendants reside, but they were out of town for a month or two. Defendant **WILLIAM SANDOVAL** confirmed the same to civil processor over a

telephone conversation.   We are convinced Defendant, **WILLIAM SANDOVAL** is avoiding service and using family members and friends to cover up for him.

"The whereabouts of Defendant, **WILLIAM SANDOVAL** is unknown by my law firm or my client.

"From February 9, 2019 to March 15, 2019, my law firm has searched every database available to us to locate a good address for Defendant, **WILLIAM SANDOVAL**.  We have no new information of Defendant, **WILLIAM SANDOVAL'S** whereabouts.

It is my opinion that we have exhausted our resources to locate Defendant, **WILLIAM SANDOVAL** and ask for substituted service.  Further Affiant sayeth not."

Executed in Houston, Harris County, Texas this 15th day of March, 2019.


**RICHARD A. HINOJOSA**


SUBSCRIBED AND SWORN this the 15th day of March, 2019 to certify which witness my hand and seal of office.


NOTARY PUBLIC, STATE OF TEXAS

ROXANNE HINOJOSA
Notary Public, State of Texas
Comm. Expires 11-06-2022
Notary ID 130017408

EXHIBIT "B"

STATE OF TEXAS          DISTRICT COURT          HIDALGO COUNTY

AIMEE LORENA PENA
                          Plaintiff,
v.

JACKIE GORDON ET AL                         Case No.: C-0478-19-C
                          Defendant.

### AFFIDAVIT OF NON-SERVICE BY PROCESS SERVER

**The State To:**

Jackie Gordon
1638 83rd Street
New Richmond, WI 54017

Being duly sworn on oath, I, **Eric Amundsen**, am an adult resident of the State of Wisconsin, and not a party to this action. And, that within the boundaries of the state where service was attempted, I was authorized by law to perform said service.

**I Attempted to Served:** Jackie Gordon
**With the document:** Plaintiff's Original Petition & Request for Disclosure and Two Individual Citations.

**At:** 1638 83rd Street, New Richmond, WI 54017
**Date/Time of Non-Service:** 02-12-2019 at 8:15 PM
**Military Service:**

**Manner of Service:**     (X) By Non-Service

**Attempts:**
1) 02-09-2019 at 8:10 AM
2) 02-10-2019 at 1:59 PM
3) 02-12-2019 at 8:15 PM

**Notes:** I spoke with a female subject who stated her name is Diane. She stated that she is the sister of Jackie Gordon. Diane stated Sandoval and Gordon are currently out of town and will not be back for a month or two. Sandoval telephoned me and confirmed this information. Sandaval was yelling obscenities and using foul language with me during the conversation.

State of Wisconsin, St Croix County
Subscribed and sworn before me

Notary Public, On: 03-02-2019
My Commission Expires: 02-17-2022
Service Fee: $20.00

Agent For:
Spartan Investigations & Legal Process
P.O. Box 548 Hudson, WI 54016
715-760-1253
Sign:

Date: 03-02-2019

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## <u>ORDER AUTHORIZING SUBSTITUTE SERVICE OF PROCESS</u>

On this day came on for consideration Plaintiff's Motion for Substitute Service. After considering the submitted motion for substituted service, the Court is of the opinion that the motion is well taken and substituted service should be denied _____ or granted _____ by:

\_\_\_\_ Citation by serving anyone over the age of 16 at Defendant, **WILLIAM SANDOVAL'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

\_\_\_\_ Citation by affixing it to the front entrance at Defendant **WILLIAM SANDOVAL'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

\_\_\_\_ Citation by publication, or

\_\_\_\_ Citation by posting at the court house.

IT IS FUTHER ORDERED, ADJUDGED AND DECREED that the substituted service in the above-referenced cause shall be executed as soon as possible. A copy of this ORDER shall be included with the papers so served. It is so ORDERED.

Signed on this \_\_\_\_\_ day of _____ 2019.

_____
Judge Presiding or Clerk

APPROVED AS TO FORM:

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

By: _____

RICHARD A. HINOJOSA
STATE BAR NO.24068885
**Hinojosa Law, PLLC**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

Electronically Filed
3/19/2019 4:43 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## ORDER AUTHORIZING SUBSTITUTE SERVICE OF PROCESS

On this day came on for consideration Plaintiff's Motion for Substitute Service. After considering the submitted motion for substituted service, the Court is of the opinion that the motion is well taken and substituted service should be denied _____ or granted __X__ by:

__X__ Citation by serving anyone over the age of 16 at Defendant, **JACKIE GORDON'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by affixing it to the front entrance at Defendant **JACKIE GORDON'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by publication, or

_____ Citation by posting at the court house.

IT IS FUTHER ORDERED, ADJUDGED AND DECREED that the substituted service in the above-referenced cause shall be executed as soon as possible. A copy of this ORDER shall be included with the papers so served. It is so ORDERED.

Signed on this 20th day of March 2019.

_____
Judge Presiding or Clerk

APPROVED AS TO FORM:

Electronically Filed
9/19/2019 4:43 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

By: _____

RICHARD A. HINOJOSA
STATE BAR NO.24068885
**Hinojosa Law, PLLC**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Cause No. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JACKIE GORDON and WILLIAM | § | |
| SANDOVAL, | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |

## <u>ORDER AUTHORIZING SUBSTITUTE SERVICE OF PROCESS</u>

On this day came on for consideration Plaintiff's Motion for Substitute Service.  After considering the submitted motion for substituted service, the Court is of the opinion that the motion is well taken and substituted service should be denied _____ or granted __X__ by:

__X__ Citation by serving anyone over the age of 16 at Defendant, **WILLIAM SANDOVAL'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by affixing it to the front entrance at Defendant **WILLIAM SANDOVAL'S** home address located at 1628 83rd Street, New Richmond, WI 54017, or

_____ Citation by publication, or

_____ Citation by posting at the court house.

IT IS FUTHER ORDERED, ADJUDGED AND DECREED that the substituted service in the above-referenced cause shall be executed as soon as possible. A copy of this ORDER shall be included with the papers so served. It is so ORDERED.

Signed on this __21st__ day of __March__ 2019.

_____
Judge Presiding or Clerk

APPROVED AS TO FORM:

Electronically Filed
3/20/2019 4:31 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

By: _____

RICHARD A. HINOJOSA
STATE BAR NO.24068885
**Hinojosa Law, PLLC**
150 W. Parker Rd., Suite 201
Houston, Texas 77076
T: 713.884.1663
F: 713.422.2493
richardhinojosa@hinojosalaw.com

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

CAUSE NO. C-0478-19-C

| | | |
|---|---|---|
| AIMEE LORENA PENA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 139TH JUDICIAL DISTRICT |
| | § | |
| JACKIE GORDON AND WILLIAM | § | |
| SANDOVAL | § | HIDALGO COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER, SPECIAL EXCEPTIONS, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JACKIE GORDON AND WILLIAM SANDOVAL, Defendants in the above-entitled and numbered cause, and for answer to the Plaintiff's pleading on file herein, would respectfully show unto the Court as follows:

## GENERAL DENIAL

### I.

Subject to such stipulations and admissions as may hereafter be made, Defendants assert a General Denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully requests that the Plaintiff be required to prove the charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## SPECIAL EXCEPTIONS

### II.

Defendant, JACKIE GORDON, further specially excepts to Paragraph 5.6 of Plaintiff's Original Petition wherein it is alleged that this Defendant's was negligent "… but is not limited to …" Said allegation is vague and fails to apprise this Defendant of the negligence of which she stands charged. Plaintiff should be ordered to replead to delete said phrase from her petition.

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

III.

Defendant, JACKIE GORDON, further specially excepts to Paragraph 5.6 of Plaintiff's Original Petition wherein it is alleged that this Defendant's was negligent in "Failing to stop and render aid;". This Defendant did not leave the scene of the incident in question until the police officer indicated that she could leave. Plaintiff should be ordered to replead to delete said phrase from her petition.

IV.

In Paragraph 5.1 of the Plaintiff's Original Petition, they claim a right to recover due to the Defendant's conduct amounting to negligence per se, to which Defendant, JACKIE GORDON, specially excepts. The transportation code sections cited by the Plaintiff are precisely the type held by Texas courts to involve a reasonably prudent standard of care and not negligence per se. This Defendant specially excepts to these allegations because they are conditional, and do not put the public on notice by specifically defining the required conduct; therefore, they cannot be used to prove negligence per se. *See Ordonez v. McCurdy,* 984 S.W.2d 264, 271 (Tex. App. — Houston [1st Dist.] 1972, no writ)., *Perry v. S.N.,* 973 S.W.2d 301, 305-306 (Tex. 1998). Thus, the Plaintiff should be required to re-plead with more specificity and/or drop this cause of action in its entirety as it has no basis in law or fact.

V.

Defendant, WILLIAM SANDOVAL, specially excepts and objects to Paragraph 6.1 of Plaintiff's Original Petition wherein it is alleged that this Defendant's conduct constituted negligent entrustment and such conduct was a proximate cause of the occurrence. Said allegation is vague and fails to apprise this Defendant of the negligence of which he stands

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

charged.  Plaintiff should be ordered to replead to delete said phrase from her petition and/or drop this cause of action in its entirety as it has no basis in law or fact.

## **AFFIRMATIVE DEFENSES**

### VI.

By way of affirmative defense, Plaintiff did not exercise due diligence in procuring service of process on the Defendants, and thus, Plaintiff's claims are barred by the applicable statute of limitations.

### VII.

Pleading affirmatively, Plaintiff's claims are barred by the statute of limitations.

### VIII.

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants contend that the damages and injuries, if any, that Plaintiff, AIMEE LORENA PENA, is alleging are the result of a condition(s) existing before, and/or arising subsequent to the alleged occurrence in question and Plaintiff's damages, if any, are the result of a pre-existing and/or subsequent condition, accident, or occurrence, and were not proximately caused by the alleged occurrence in question.

### IX.

Defendants further assert that Plaintiff is barred from recovery by the doctrine of proportionate responsibility, or alternatively, that Plaintiff's damages should be reduced by a percentage equal to Plaintiff's percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code Sections 33.001 and 33.012.

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

X.

Pleading further, if same be necessary, Defendants assert that any recovery of medical expenses by Plaintiff be limited to those amounts that are both reasonable and necessary and actually paid or incurred by or on behalf of the Plaintiff as mandated by Section 41.0105 of the Texas Civil Practice and Remedies Code.

XI.

Pleading further, if same be necessary, Defendants assert that any recovery of lost wages and/or loss of earning capacity, if any, shall be established in a net loss after reduction for income tax payments or unpaid liability pursuant to any federal income tax law mandated by Section 18.091 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants assert that any recovery for lost wages and/or loss of earning capacity, if any, shall be reduced to the present value of said future lost wages and/or loss of earning capacity.

XII.

Defendants deny that they are liable to Plaintiff for any damages and Defendants assert that, if any damages are awarded, Texas Civil Practice & Remedies Code §41.007 limits pre-judgment interest, if any.

XII.

Defendants deny that they are liable to Plaintiff for any damages and Defendants assert that, if any damages are awarded, Texas Finance Code §304.1045 disallows pre-judgment interest on future damages, if any.

XIV.

Defendants deny that they are liable to Plaintiff for any damages and Defendants assert that, if any damages are awarded, Texas Finance Code §304.104 and §304.105 governs the

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

calculation of prejudgment interest, if any, and §304.003(c) governs the calculation of post-judgment interest, if any.

## XV.

Without waiving any defenses listed above, Defendants would further show that they are entitled to all caps and limitations on damages pursuant to the Texas Civil Practices & Remedies Code.

## XVI.

Defendants would further show that they are entitled to all caps and limitations on damages pursuant to TEX.BUS.&COM.CODE §17.50.

## **RULE 193.7 NOTICE**

## XVII.

Pursuant to Texas Rules of Civil Procedure 193.7, Defendants give notice to Plaintiff that any and all documents and things produced by Plaintiff may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## **JURY DEMAND**

## XVIII.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants hereby make demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendants, JACKIE GORDON AND WILLIAM SANDOVAL, pray that upon final hearing hereof, Defendants have judgment that Plaintiff take nothing by way of this cause of action, and that Defendants go hence without day for costs.

Electronically Filed
4/15/2019 7:44 AM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Defendants further pray that the Court Grant Defendants' Special Exceptions and that the Plaintiff's pleading be stricken if the Plaintiff fails to replead, or that the Court order such other relief to which Defendants may be justly entitled.

Respectfully submitted,

LAW OFFICE OF R.E. (FELIX) COX
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166 MAIN
(956) 238-0194 DIRECT
(855) 949-1338 FACSIMILE

R.E. "FELIX" COX
State Bar No. 24040739
Coxr9@nationwide.com
CHRISTIANA "CHRISSY" DIJKMAN
State Bar No. 00783967
dijkmc1@nationwide.com

ATTORNEY FOR DEFENDANTS
**JACKIE GORDON and WILLIAM SANDOVAL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 15th day of April, 2019.

Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, TX  77076
713.884.1663
713.422.2493 Facsimile
*Attorney for Plaintiff, Aimee Lorena Pena*

R.E. "FELIX" COX
CHRISTIANA "CHRISSY" DIJKMAN